IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK DEWAYNE CHARLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 09-592 |
| | § | **CAPITAL LITIGANT** |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

PETITIONER'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE
COURT'S INQUIRY ON THE EFFECT OF *CULLEN V. PINHOLSTER*
<u>IN THE INSTANT CASE</u>

THIS IS A DEATH PENALTY CASE.

       Respectfully submitted,

       <u>/s/ Randall O. Sorrels</u>
       RANDALL O. SORRELS
       Federal Bar No. 11115
       ABRAHAM, WATKINS, NICHOLS,
       SORRELS, AGOSTO & FRIEND
       800 Commerce Street
       Houston, Texas 77002
       713-222-7211 Telephone
       713-225-0827 Facsimile
       e-mail: rsorrels@abrahamwatkins.com

       <u>/s/ Julius Eric Junker</u>
       JULIUS ERIC JUNKER
       Federal Bar No. 1096250
       LAW OFFICE OF JULIUS ERIC JUNKER
       212 Jackson Street
       Richmond, Texas 77469
       281-342-9476 Telephone
       281-239-7503 Facsimile

e-mail: J.E.Junker@junkerlaw.com

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

On April 8, 2011, this Court ordered additional briefing in light of the Supreme Court's recent decision in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011).  Docket Entry No. 29.  In particular, this Court noted that *Pinholster* limited 28 U.S.C. § 2254(d) analysis to evidence before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

*Id*. at 1 (quoting *Pinholster*, 131 S.Ct. at 1398).  The Court ordered the parties to brief the effect *Pinholster* has in this case and, "[i]n particular, [to] discuss to what extent and for what purposes the Court may consider the substantial evidence Charles has amassed for the first time on federal review."  Docket Entry No. 29 at 2.

For the reasons described below, *Pinholster* has no effect on this case.  Mr. Charles has pled and briefed a meritorious claim for relief under *Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Charles also demonstrated that any one of numerous unreasonable applications of *Strickland* and unreasonable determinations of fact in light of the record before the state court satisfy 28 U.S.C. § 2254(d).  Docket Entry No. 28 (Reply to Respondent's Answer and Motion for Summary Judgment ("Reply") at 83–91.  All of Mr. Charles's § 2254(d) arguments were predicated on the state court record.  *Id*.

*Pinholster*'s prohibition on the consideration of new evidence is limited to only the § 2254(d) analysis.  Because § 2254(d) is satisfied in this case, there is no bar to granting relief

–2–

and this Court may decide whether Mr. Charles is in custody in violation of the Constitution. The Court's consideration of Mr. Charles's supplemental evidence when deciding the merits of the *Strickland* claim is controlled by § 2254(b)(1)(A), *i.e.* the traditional exhaustion inquiry. For the reasons extensively briefed in Mr. Charles's response to Respondent's motion for summary judgment, Docket Entry No. 28 (Reply) at 5–43, the materials submitted for the first time in this Court supplement, do not fundamentally alter, the claim presented to the state courts. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1984); *Conner v. Quarterman*, 477 F.3d 287, 292 (5th Cir. 2007). Thus, this Court may consider the supplemental evidence when assessing whether Mr. Charles has demonstrated *Strickland* error.

**I. 28 U.S.C. § 2254(d) is not a standard for assessing the merits of a claim, it is a limitation on relief that once satisfied—like the exhaustion requirement—is irrelevant to this Court's consideration of Mr. Charles's claim.**

This Court's authority to issue a writ of habeas corpus is derived from 28 U.S.C. § 2241. Section 2241 is the subsequent codification of the Act of February 5, 1867, which "greatly expanded the habeas corpus jurisdiction of the federal courts to embrace all cases where any person may be restrained of his * * * liberty in violation of the constitution, or of any treaty or law of the United States * * *.'" *Irvin v. Dowd*, 359 U.S. 394, 404 (1959). Section 2241 states:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
>
> * * *
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless –
>
> * * *
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

28 U.S.C. § 2241.

Section 2254, entitled "State custody; remedies in Federal Courts," limits the authority of federal courts to provide a remedy for a prisoner unconstitutionally restrained by a state court judgment. Before 1996, § 2254 contained only two limitations on court's power to grant a remedy. Section 2254(a) limited the scope of remediable claims: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Section 2254(b), the exhaustion requirement,[1] prohibited federal courts—except in very rare circumstances—from granting relief on an unexhausted claim.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA left intact the core habeas requirement that a petitioner prove his confinement violates the laws of the United States, but proving illegal confinement and satisfying the exhaustion requirement are no longer enough to secure a remedy. The AEDPA's amendment of § 2254(d) "place[d] a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). As amended by AEDPA, § 2254(d) provides,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[1] *See* 28 U.S.C. § 2254(b) (West 1994) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.")

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Understanding the function of § 2254(d) in habeas corpus cases is critical because *Pinholster* "[l]imit[ed] § 2254(d)(1) review to the state-court record," 131 S.Ct. at 1399. It did *not* limit *federal habeas corpus review* to the state court record. Amended § 2254(d) is sometimes confused with a standard of review somehow applicable to the merits of a claim. It is not. The provision is an additional § 2254 limitation on a federal court's authority to remedy a constitutional violation. The Supreme Court has repeatedly described § 2254(d) as a limitation on relief,[2] and *Pinholster* unambiguously explained the provision in these terms:

> As amended by AEDPA, 28 U.S.C. § 2254 *sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner*. Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies.

---

[2] *See, e.g.*, *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (Section 2254(d) is "a *condition* for obtaining habeas corpus from a federal court.") (emphasis added); *Fry v. Pliler*, 551 U.S. 112, 119 (2007) (§2254(d) "sets forth a precondition to the grant of habeas relief"); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (explaining that §2254(d) must be satisfied before "federal habeas relief may be granted"); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) ("Relief may not be granted unless" §2254(d) is satisfied); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("The requirements for habeas *relief* established by 28 U.S.C. §2254(d) are thus satisfied") (emphasis added); *Bell v. Cone*, 535 U.S. 685, 694 n.2 (2002) (referring to §2254(d) as a "statutory provision governing respondent's ability to obtain federal habeas relief"); *Williams v. Taylor*, 529 U.S. at 412 (§2254(d) "places a new constraint on the power of a federal habeas court *to grant* a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court") (emphasis added).

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), *an additional restriction applies*.

*Pinholster*, 131 S.Ct. at 1398 (emphasis added).

Section 2254(d) speaks not in terms of when constitutional error may be found, but of the circumstances under which a remedy for constitutional error may be granted. Indeed, § 2254(d)'s central mandate is that "a writ of habeas corpus . . . shall not be granted" unless certain conditions are present. Where Section 2254(d) applies—*i.e.*, where there has been an "adjudication on the merits" in state court—it operates as a limitation on the power of a federal court to grant relief in those cases in which the court has found constitutional error. James S. Liebman & Randy Hertz, 2 Federal Habeas Corpus Practice and Procedure § 30.1, at 1357 (5th ed. 2005); *Richter*, 131 S.Ct. at 786 (§ 2254(d) is "a condition for obtaining habeas corpus from a federal court.").[3]

The § 2254(d) restriction on relief was not intended to cover exactly the same ground as the § 2254(a) analysis. Each provision performs a separate function, and federal courts have made clear that both must be satisfied before relief can be granted. *See*, *e.g.*, *Fry v. Pliler*, 551 U.S. at 119 (§ 2254(d) "sets forth a *precondition* to the grant of habeas relief . . . *not an*

---

[3] Several courts of appeals have also recognized the §2254(d)'s focus on the availability of a remedy, rather than on the existence of constitutional error. *See*, *e.g.*, *Evans v. Thompson*, ___F.3d___, 2008 WL 344208 (1st Cir. Feb. 8, 2008) ("There is no impairment of lower federal courts' independent interpretative authority: such courts still have authority to decide whether a state court decision is wrong, and whether the decision is, in addition, unreasonably so. Section 2254(d) only limits the ability of the lower federal courts to grant relief when they conclude, in exercising independent judgment, that even in case of error a state court did not unreasonably apply Supreme Court precedent"); *Jiminez v. Walker*, 458 F.3d 130, 135 n.2 (2nd Cir. 2006) ("As we have noted, § 2254(d) may more accurately be called a "limitation on relief" than a deferential "standard of review") (citing *Cotto v. Herbert,* 331 F.3d 217, 229 n. 4 (2d Cir.2003)); *Green v. French,* 143 F.3d 865, 875 (4th Cir.1998) ("Under the AEDPA, we are free, if we choose, to decide whether a habeas petitioner's conviction and sentence violate any constitutional rights. Section 2254(d) only places an additional restriction upon the scope of the habeas remedy in certain circumstances").

*entitlement to it*") (emphasis added); *Horn v. Banks*, 536 U.S. 266, 272 (2002) (*per curiam*) ("While it is of course a necessary prerequisite to federal habeas relief that a prisoner satisfy the AEDPA standard of review set forth in 28 U.S.C. § 2254(d) . . ., none of our post-AEDPA cases have suggested that a writ of habeas corpus should automatically issue if a prisoner satisfies the AEDPA standard"); *Rose v. Lee*, 252 F.3d 676, 691 (4th Cir. 2001) ("[Section] 2254(d)(1) must be read in conjunction with the purpose of the writ, as outlined in § 2254(a), which is to protect a prisoner from being held in violation of federal law"); *Aleman v. Sternes*, 320 F.3d 687, 690-691 (7th Cir. 2003) (even where petitioner can satisfy §2254(d), he "still must establish an entitlement to the relief he seeks, and it is §2254(a), not §2254(d), that sets the standard . . . .").

> Structurally, § 2254(d) is no different from § 2254(b)'s exhaustion requirement:
>
> Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court. 28 U.S.C. § 2254(b). If the state court rejects the claim on procedural grounds, the claim is barred in federal court unless one of the exceptions to the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 82_84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), applies. And if the state court denies the claim on the merits, the claim is barred in federal court unless one of the exceptions to § 2254(d) set out in §§ 2254(d)(1) and (2) applies. Section 2254(d) thus complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding, *see id.*, at 90, 97 S.Ct. 2497.

*Richter*, 131 S.Ct. at 787.

Like the exhaustion requirement, § 2254(d) falls away once satisfied and has no bearing on the determination of whether the petitioner has demonstrated a constitutional violation: "When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires." *Panetti v.*

*Quarterman*, 551 U.S. 930, 953 (2007); *see also Fry v. Pliler*, 551 U.S. at 119 (§ 2254(d) is unrelated to when a petitioner is entitled to relief).

Once a petitioner satisfies § 2254(d), or in those cases in which it does not apply, he may adduce—and the federal court may consider—additional evidence in support of his claims subject only to the restrictions in §§ 2254(b)–(c); (e). *Pinholster*, 131 S.Ct. at 1401 ("Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief."); *id*. at 1412 (Breyer, J., concurring) ("If the federal habeas court finds that the state-court decision fails [§ 2254](d)'s test (or if (d) does not apply), then an (e) hearing may be needed."); *Morris v. Thaler*, 2011 WL 1886096, slip op. at *9 n.1 (5th Cir. May 18, 2011) (unpublished) (an evidentiary hearing is permissible, and appropriate, after determining that § 2254(d)(1) is satisfied); *Hearn v. Ryan*, 2011 WL 1526912, slip op. at *2 (D.Ariz April 21, 2011) (denying State's motion, in light of *Pinholster*, to reconsider granting evidentiary hearing because, "[h]aving determined Petitioner's *Faretta* claim satisfied § 2254(d)(1), it fell to this Court to resolve the claim").

Thus, a habeas petitioner must show (1) illegal confinement to be *entitled* to habeas relief; and, (2) satisfaction of 2254(d), when applicable, to *be granted* habeas relief.[4]

**II.     *Pinholster* held only that federal courts applying the § 2254(d)(1) limitation on relief look to the state court decision and the evidence before the state court.  *Pinholster did not* bar consideration of evidence properly presented to the federal courts for the first time in cases, like this one, in which the Petitioner has satisfied the § 2254(d)(1) limitation by demonstrating the unreasonableness of the state court decision in light**

---

[4] As to the order in which a federal court addresses the merits and the section 2254(d) determination, "AEDPA does not require a federal habeas court to adopt any one methodology." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). *Lockyer* reviewed a Ninth Circuit decision that required a federal court to determine entitlement to relief before determining whether the federal court was precluded by Section 2254(d) from granting relief. The Supreme Court reversed, disagreeing that the AEDPA required any particular ordering of determinations on the relevant legal questions. *Id*.

**of the state court record.**

In *Pinholster*, the district court erroneously concluded that AEDPA did not apply to Pinholster's application and granted an evidentiary hearing and, subsequently, relief. 131 S.Ct. at 1397. After *Woodford v. Garceau*, 538 U.S. 202 (2003), corrected the district court's erroneous beliefs about the applicability of the AEDPA, the court amended its order but not its conclusion. *Pinholster*, 131 S.Ct. at 1397. A panel of the Ninth Circuit reversed the grant of relief but the *en banc* court reinstated it. The Ninth Circuit explicitly based its determination that § 2254(d)(1) did not bar relief on the evidence developed during the federal evidentiary hearing. *Id*.

The narrow question before the *Pinholster* Court was whether federal courts may consider evidence presented for the first time during federal habeas proceedings when deciding whether § 2254(d)(1) bars relief, *i.e.* when deciding whether the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law." Pinholster did not allege that the state court process prevented or impeded his development of facts in support of his claims. Under such circumstances, the Court observed that "[o]ur cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399. The Court held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id*. at 1400.

*Pinholster* confined itself to interpreting §2254(d)(1). *Pinholster* did not hold that a federal court is precluded from considering additional evidence any time there has been an adjudication on the merits in state court. While this Court may not consider new evidence when

–9–

conducting its § 2254(d) analysis (where 2254(d) applies), it is not true that the Court must ignore additional evidence proffered here for the first time when determining whether Mr. Charles has proven a federal constitutional violation:

> If anything, the decision in *Michael Williams* supports our holding. The lower court in that case had determined that the one claim subject to § 2254(d)(1) *did not satisfy that statutory requirement. In light of that ruling*, this Court concluded that it was "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim." *Id.*, at 444, 120 S.Ct. 1479. That conclusion is fully consistent with our holding that evidence later introduced in federal court is irrelevant to § 2254(d)(1) review.

*Id*. at 1400 (emphasis added). Clearly, if § 2254(d) is satisfied, federal courts may proceed to consider any appropriate factual development: "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Id*. at 1401.

*Pinholster* has no impact here. First, Mr. Charles has demonstrated that numerous unreasonable applications of *Strickland* infected the state court's decision,[5] *any one of which alone* satisfies § 2254(d). Reply at 83-91. Mr. Charles' § 2254(d)(1) arguments focus on the numerous ways the state court unreasonably applied *Strickland* and other Supreme Court decisions applying *Strickland*. The arguments are not predicated on additional evidence presented here but on the unreasonable conclusions of the state courts in light of the record before them. Second, even if Mr. Charles for some reason needed to rely on evidence adduced here for the first time to satisfy § 2254(d)(1)—and he has no such need—Mr. Charles also

---

[5] The state courts did not actually generate an opinion in this case, they instead adopted one written for them by an assistant district attorney. While AEDPA apparently requires that this Court indulge the fiction that the document is the work product of the state courts and thus entitled to the respect owed to a state court judge, that the document was written by an assistant district attorney—who knew that Texas courts customarily rubber-stamp the State's proposed orders and who took advantage of this practice by resolving every single factual dispute and credibility determination in the State's favor—explains why the state court opinion is laden with so many unreasonable applications of the law and determinations of fact.

satisfied § 2254(d)(2) which remains unaffected by *Pinholster* because it already explicitly focused on the state court record.

Moreover, Mr. Charles' § 2254(d)(1) arguments were structured in precisely the manner recently delineated by the Supreme Court. In *Richter*, 131 S. Ct. at 780-81, the Court concluded that "deference to the decision of a state court" is required when "relief is denied without an accompanying statement of reasons." Because the Texas court resolved Mr. Charles' case with a lengthy set of findings of fact and conclusions of law, as well as a statement from the Court of Criminal Appeals, this portion of *Richter*'s holding is inapposite here. When describing the application of § 2254(d)(1), the Supreme Court held that:

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that *those* arguments or theories are inconsistent with the holding in a prior decision of this Court. The opinion of the Court of Appeals all but ignored "the only question that matters under § 2254(d)(1). *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

*Richter*, 131 S.Ct. at 786 (emphasis added). The "as here, could have supported" language refers to cases in which there is no explanation for the denial of habeas relief, and is inapplicable to this case. *See e.g. Sussman v. Jenkins*, 642 F.3d 532, 533 (7th Cir. 2011) ("*Harrington* is inapplicable to the present case" because "*Harrington* addresses the situation in which a state-court decision 'is unaccompanied by an explanation.'"). Section 2254(d)(1) and respect for the state courts do not require or permit tossing the state court's decision aside and dreaming up alternative explanations for the state court result.[6]

---

[6] Petitioner is aware that, in other cases, Respondent has misleadingly edited the above-cited portions of *Richter* and suggested that federal courts may, in fact, disregard the state court decision when applying § 2254(d)(1) and treat the case as one in which the state court failed to issue an explanation for its decisions. However, *Richter* is clear that federal courts must apply § 2254(d)(1)

In cases in which there *is* a statement of reasons for the denial, a federal court must:

(1) "determine what arguments or theories supported . . . the state court's decision"; and,

(2) "ask whether it is possible fairminded jurists could disagree that *those* arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."

*Richter*, 131 S.Ct. at 786 (emphasis added).

Thus, this Court must first look to the prosecution-authored findings, which were adopted by the CCA, and identify the theories and arguments on which relief was actually denied. It must then determine whether fair-minded jurists would agree that any of *those* theories or arguments are inconsistent with a prior decision of the Supreme Court.

This not a case in which there was scant evidence before the state courts and/or the state court adjudication was reasonable in light of the state court record but new evidence renders the state court's conclusion unsound. As fully briefed in Mr. Charles' reply, this is a case in which the state court, confronted with compelling evidence of a Sixth Amendment violation, adopted numerous theories and arguments penned by an assistant district attorney that fair-minded jurists[7] would recognize as inconsistent with Supreme Court decisions. Thus, for the numerous, independently sufficient reasons briefed in his Amended Petition and his Reply, Mr. Charles

---

to the actual reasons of the state court.

[7] The trial judge who signed the prosecution's findings can hardly be characterized as "fairminded." As described in detail in Mr. Charles Amended Petition, *see* pp. 78-84, the trial court judge was clearly alarmed by counsel's performance during the punishment phase and conducted an *ex parte* proceeding—*during trial* and from which Mr. Charles was *excluded*—for the express purpose of inoculating the record against this claim—which must have been as obvious in real time as it is now. Moreover, as described in the Amended Petition at 78–79, this same judge's ethics were publicly called into question when she simultaneously presided over the capital trial in one case while litigating on behalf of the State of Texas in another capital habeas case in federal court.

satisfies § 2254(d)'s limitation on relief based on the state court record.

## CONCLUSION

Mr. Charles easily satisfies § 2254(d) based on the state court record. Because *Pinholster*'s holding is limited to § 2254(d)(1) review it has no impact on his case. This Court is free to consider all of the evidence supplementing Mr. Charles' claim when deciding whether he was prejudiced by trial counsel's failure to prepare and present a case in mitigation.

Respectfully submitted,

/s/ Randall O. Sorrels
RANDALL O. SORRELS
Federal Bar No. 11115
Texas Bar No. 18855350
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, Texas 77002
713-222-7211 Telephone
713-225-0827 Facsimile
e-mail: rsorrels@abrahamwatkins.com

/s/ Julius Eric Junker
JULIUS ERIC JUNKER
Federal Bar No. 1096250
Texas Bar No. 2406416
LAW OFFICE OF JULIUS ERIC JUNKER
212 Jackson Street
Richmond, Texas 77469
281-342-9476 Telephone
281-239-7503 Facsimile
e-mail: J.E.Junker@junkerlaw.com

ATTORNEYS FOR PETITIONER

**CERTIFICATE OF SERVICE**

      I hereby certify that on Monday, July 25, 2011, a copy of this **Petitioner's Supplemental Briefing in Response to the Court's Inquiry on the Effect of *Pinholster* in the Instant Case** was electronically filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who have consented in writing to accept this Notice as service of this document by electronic means:

Randall O. Sorrels
Abraham, Watkins, Nichols, Sorrels,
Agosto, & Friend
800 Commerce Street
Houston, Texas 77002
rsorrels@abrahamwatkins.com

Julius Eric Junker
Law Office of Julius Eric Junker
212 Jackson Street
Richmond, Texas 77469
J.E.Junker@junkerlaw.com

Assistant Attorney General Fredericka Sargent
Office of the Attorney General
Capital Litigation Division
P.O. Box 12548
Austin TX, 78711-2548
fredericka.sargent@oag.state.tx.us

                                        /s/ Randall O. Sorrels
                                        RANDALL O. SORRELS

                                        /s/ Julius Eric Junker
                                        JULIUS ERIC JUNKER

                                        ATTORNEYS FOR PETITIONER