IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Derrick Dewayne Charles, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-09-592 |
| Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

On October 24, 2011, this Court entered a final judgment denying Derrick Dewayne Charles' ("Charles") petition for a writ of habeas corpus. Charles has filed a timely motion to alter or amend the judgment under FED.R.CIV.P. 59(e). (Doc. # 40). Charles also asks this Court to hold oral argument on his post-judgment motion, (Doc. # 50), and has submitted supplemental authority (Doc. # 52). For the reasons discussed below, Charles has not shown that the Court should alter its judgment.

Federal procedure limits review after the entry of judgment. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion

"must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). Rule 59(e) relief does not lie for "arguments which could, and should, have been made before the judgment issued[.]" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Due to the extraordinary nature of this remedy, the Fifth Circuit has found that the Rule 59(e) standard "favors the denial of motions to alter or amend a judgment[.]" *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Charles' petition raised a single ground for relief arguing that trial counsel's representation fell below the well-established deficient performance and prejudice standards from *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In his Rule 59(e) motion, Charles raises several arguments that the Court misapplied the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and *Strickland* standards in adjudicating his petition. The Court need not address those areas in which Charles merely reurges arguments he made before the entry of judgment.

The core of Charles' complaint is that the Court engaged in an "extravagantly

deferential review" of the state court's decision. (Doc. # 40 at 24). Inescapably, the AEDPA gives state courts great latitude in the adjudication of claims relating to an inmate's conviction and sentence. As the Supreme Court has recently reminded, federal habeas relief is only available when "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, ___ U.S. ___, 132 S. Ct. 26, 27 (2011). Charles, however, complains that this Court's review was "far more deferential than required by AEDPA" or Supreme Court precedent. (Doc. # 40 at 6-7). Charles takes particular umbrage with the Court's reliance on two recent Supreme Court cases: *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1407 (2011) and *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 788 (2011).

Charles first complains that, notwithstanding *Pinholster*, the Court should have considered significant evidence that he adduced for the first time in federal court. *Pinholster* held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." ___ U.S. at ___, 131 S. Ct. at 1399-1400. Before the entry of judgment the parties extensively briefed *Pinholster*'s impact in this case. (Doc. # 36, 37). Because Charles presented evidence that was not "before the state

3

court that adjudicated [his] claim on the merits," *Greene v. Fisher*, ___ U.S. ___, 132 S. Ct. 38, 44 (2011), this Court's adjudication "focuse[d] on what [the] state court knew and did[.]" *Pinholster*, ___ U.S. ___, 131 S. Ct. at 1399. Charles' post-judgment briefing does not distinguish *Pinholster* in a way that permits consideration of his previously unpresented evidence.

Second, Charles objects to this Court's reliance on *Richter*. In *Richter*, the Supreme Court confronted "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." ___ U.S. at ___, 131 S. Ct. at 784. After answering that question in the affirmative, the Supreme Court turned to whether the petitioner had shown that the state court decision – though unwritten – was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1). In doing so, the Supreme Court stated that federal courts must decide "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, ___ U.S. at ___. 131 S. Ct. at 7882.

The Court repeated and applied the *Richter* standard in outlining the standard of review. (Doc. # 38 at 29). Charles argues that *Richter* has no applicability in a case, such as this one, where the state courts issued a detailed order. At its heart, his complaint is that section 2254(d) review only exists to contrast "the reasonableness of the state court reasoning" with the "theories and arguments *actually relied upon* by

the state [court]." (Doc. # 48 at 3, 4).[1]  Petitioner contends that if the state court's reasoning varies from constitutional authority, a federal court must give his case *de novo* review.

Charles' argument misapprehends how *Richter* harmonizes with well-established Fifth Circuit law. It is axiomatic in this circuit that federal courts review only the state courts' ultimate decision, "not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193-94 (5th Cir. 2001). The Fifth Circuit has regularly and consistently cautioned that the AEDPA "permits a federal habeas court to assess only the state court's decision, not the propriety of its analysis and reasoning." *Ripkowski v. Thaler*, 438 F. App'x 296, 300 (5th Cir. 2011); *see also Austin v. Cain*, 660 F.3d 880, 893 (5th Cir. 2011); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010); *Johnson v. Cain*, 347 F. App'x 89, 92-93 (5th Cir. 2009); *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008); *St. Aubin v. Quarterman*, 470 F.3d 1096, 1100 (5th Cir. 2006); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). With the focus on the state court's ultimate conclusion,

---

[1] The Court observes that Charles makes a internally inconsistent arguments. He roundly criticizes the Court for "largely adopt[ing] the distorted, partisan version of the state court record," (Doc. # 40 at 10), but also complains that the Court applied a "hypothetical-state-court-decision standard [that] essentially examined whether there was any evidence whatsoever in the state court record to support a denial of habeas relief" (Doc. # 48 at 6). He at once insists that the Court "*must* conduct an *independent* review of the state court record" (Doc. # 40 at 10), but also cabins federal review to "the reasonableness of theories and arguments *actually relied upon* by the state" (Doc. # 48 at 3).

the Fifth Circuit has relied on the challenged language from *Richter* even in cases, such as this one, where the state courts issued explicit findings and conclusions. *See Hernandez v. Thaler*, ___ F. 3d ___, 2012 WL 676287 at *3 (5th Cir. Mar. 1, 2012); *Jackson v. Epps*, 447 F. App'x 535, 542 (5th Cir. 2011); *Mitchell v. Epps*, 641 F.3d 134, 141 (5th Cir. 2011); *Shanklin v. Thaler*, 422 F. App'x 319, 328 (5th Cir. 2011).

Charles' reading of *Richter*, in contrast, would tether AEDPA review to the precise legal theories outlined in the state court order denying relief – in other words the "method by which the state court arrives at its conclusion," *Neal*, 286 F.3d at 244-46.[2] The Fifth Circuit's approach encourages an objective inquiry into whether an inmate has met his burden of showing a constitutional violation, despite any

---

[2] Pointing to cases in which other circuits have refused to apply *Richter* when the state court has issued a written order, Charles argues that "every circuit that has addressed the issue has concluded, when the state court does explain its decision, then 2254(d)(1) . . . evaluate[s] the reasonableness of theories and arguments actual relied upon by the state." (Doc. # 48 at 3). The issue, however, is not nearly so clear. Several circuits, like the Fifth, have relied on the challenged language from *Richter* even when the state courts have issued written opinions. *See Scanion v. Harkleroad*, ___ F. App'x ___, 2012 WL 580421 at *4 (4th Cir. Feb. 23, 2012); *Hampton v. Jones*, ___ F. App'x ___, 2011 WL 6450442 at *5 (10th Cir. 2011); *Blystone v. Horn*, 664 F.3d 397, 419 (3rd Cir. 2011); *Brown v. Wenerowicz*, 663 F.3d 619, 630 (3rd Cir. 2011); *Hanegan v. Miller*, 663 F.3d 349, 354 (8th Cir. 2011); *Gonzalez v. Wong*, 667 F.3d 965, 991 (9th Cir. 2011); *Thrasher v. Hickson*, 439 F. App'x 716, 721 (10th Cir. 2011). Even the circuits cited by Charles are not consistent in their handling of *Richter*. *Compare Johnson v. Secretary, DOC*, 643 F.3d 907, 930 n.9 (11th Cir. 2011) (refusing to apply *Richter* when the state court "did provide an explanation for its decision") with *Ruiz v. Secretary, DOC*, 439 F. App'x 831, 835 (11th Cir. 2011) (applying *Richter* when the state court issued a written opinion) and *Gill v. Mecusker*, 633 F.3d 1272, 1289-90 (11th Cir. 2011) (concluding the same after extensive discussion). The Fifth Circuit has long recognized that other federal circuits have "concluded that federal courts must scrutinize a state court's method of reasoning," thus bringing about the divergent approaches to *Richter*. *Neal*, 286 F.3d at 244. Regardless of any differing views, this Court must follow Fifth Circuit law.

mistake in the state court's reasoning. *See Reyes v. Quarterman*, 195 F. App'x 272, 278 (5th Cir. 2006) ("[R]egardless of whether the state habeas court had provided no reasons or unsatisfactory ones, authority under AEDPA is still limited to determining the reasonableness of the ultimate decision.") (quotation omitted), *cf. Wetzel v. Lambert*, ___ U.S. ___, ___ S. Ct. ___, 2012 WL 538281 at *2-3 (Feb. 12, 2012) (reversing when a lower federal court granted the habeas writ without considering other reasonable arguments, especially those propounded by the state courts). In the Fifth Circuit, even when state courts engage in inadequate or erroneous reasoning, the AEDPA compels federal courts to deny relief if their ultimate conclusion complies with federal law. *See Buntion v. Quarterman*, 524 F.3d 664, 671 n.3 (5th Cir. 2008); *Neal*, 286 F.3d at 246; *Santellan*, 271 F.3d at 193-94.[3]

Here, the state court considered both prongs of the *Strickland* analysis, thus meriting a deferential review of its conclusion. The AEDPA's focus on the state court's ultimate conclusion is particularly important under the "doubly deferential"

---

[3] Charles asks this Court to disregard Fifth Circuit precedent because the "Supreme Court itself has consistently modeled [a section 2254 review of the state court's reasoning] for more than a decade." (Doc. # 48 at 3). Charles cites Supreme Court cases such as *Porter v. McCollum*, ___ U.S. ___, 130 S. Ct. 447, 452 (2010); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005), *Wiggins v. Smith*, 539 U.S. 510, 534 (2003), for the proposition that courts must "look[] at the *actual* state court explanation for denying habeas relief and assessed *those* reasons against clearly established Supreme Court precedent." (Doc. # 48 at 4). In each of those cases, the Supreme Court found that the AEDPA did not govern part of *Strickland*'s dual inquiry because the state courts did not reach one *Strickland* prong (that is, in the language of the AEDPA, the state courts did not adjudicate the prong on the merits). Here, on the other hand, the state courts adjudicated both of *Strickland*'s prongs.

review afforded *Strickland* issues. *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). As required by Supreme Court authority, the Court's adjudication gave his "attorneys the benefit of the doubt" and "affirmatively entertain[ed] the range of possible reasons . . . counsel may have had for proceeding as they did[.]" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1407; *see also Mitchell*, 641 F.3d at 151. The Court also found that, regardless of whether trial counsel performed deficiently, Charles failed to show actual prejudice as required by *Strickland*. Charles has not given any reason to reconsider the reasonableness of the state court's finding that he "fail[ed] to show that the results of the proceeding would have been different[.]" State Habeas Record at 1049.

This Court reviewed the state habeas court's decision and, in light of the entire record, found that it was reasonable. While Charles renews his objections to the state court determination, he has not shown that its result was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1). Accordingly, the Court **DENIES** Charles' Rule 59(e) motion and his motion for oral argument.

SIGNED this 17th day of April, 2012, at Houston, Texas.

_____
Nancy F. Atlas
United States District Judge

8